## FEDERAL TRADE COMMISSION v. MAISEL TRADING POST, Inc.
### No. 976.

Circuit Court of Appeals, Tenth Circuit.
Aug. 28, 1935.

For former opinion, see 77 F.(2d) 246.

Eugene W. Burr, of Washington, D. C. (William T. Kelley, Chief Counsel, and Martin A. Morrison, Asst. Chief Counsel, for Federal Trade Commission, both of Washington, D. C., on the brief), for petitioner.

John F. Simms, of Albuquerque, N. M. (Donald M. Bushnell, of Albuquerque, N. M., on the brief), for respondent.

Harris K. Lyle, of Gallup, N. M., for Indian Traders' Ass'n, amicus curiæ.

William C. Lewis, of Oklahoma City, Okl. (Harry W. Blair, Asst. Atty. Gen., and Charles E. Collett, of Washington, D. C., on the brief), as amici curiæ.

Before LEWIS and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

PER CURIAM.

Briefs and argument on rehearing have clarified the dispute and narrowed the issues. Petitioner now expressly asserts that machinery used in manufacturing the raw material—the slugs or blanks—with which the Indian starts his artistry, is outside the scope of the hearing or the order; that the order is not concerned with the dimensions of the raw material; that the order is designed to confine the term "Indian-made" to those who heat and hammer the slug or blank before ornamentation; and that the order does not define the amount of such heating or hammering. So construed, the order is applicable only to so much of respondent's jewelry, if any, as is not heated and hammered at all before ornamentation.

Both sides complain of the complexity and the difficulty of complying with our modification of petitioner's order; petitioner's order is complex and has already given rise to much misunderstanding. The second paragraph of petitioner's order will be modified to read as follows:

"It is now ordered that respondent, its agents, representatives, and employees, shall cease and desist from designating, describing, or offering any of its silver jewelry products for sale in interstate commerce as 'Indian' or 'Indian-made' jewelry, where in substantial part machinery (other than hand tools, or nonmechanical equipment, or buffing wheels for polishing) shall be substituted for hand hammering, shaping, or ornamenting the same, unless the label, stamp, catalogue, or advertising shall clearly, expressly, and legibly state the method of such manufacture in immediate context with the descriptive terms."

A decree will be entered vacating our former modification of the commission's order, affirming the order of the commission as now modified; each party to pay its own costs.